UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 19-2488 (RC) |
| | : | | |
| v. | : | Re Document No.: | 10 |
| | : | | |
| DURWIN LAIRY, | : | | |
| | : | | |
| Defendant. | : | | |

<u>MEMORANDUM OPINION</u>

GRANTING THE PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

## I.  INTRODUCTION

Plaintiff United States of America ("the Government") seeks the inflation-adjusted maximum civil penalty of $60,517 from Defendant Durwin Lairy for failure to submit a termination public financial disclosure report required by the Ethics in Government Act ("EIGA" or "the Act"), 5 U.S.C. app. 4 §§ 101, *et seq.*; *see* United States' Mot. for Default and Final J. ("Mot. for Default"), ECF No. 10-1, at 2.  Before the Court is Plaintiff's motion for entry of default judgment pursuant to Fed. R. Civ. P. 55, ECF No. 10.

For the reasons that follow, the Court grants the Government's motion and enters default judgment against Mr. Lairy.  The Court awards penalties accordingly.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Defendant Durwin Lairy was a Consultant in the Department of Energy's Office of Economic Impact and Diversity ("DOE"), a position within the Executive Branch, until September 20, 2017.  United States' Complaint ("Compl."), ECF No. 1, ¶¶ 9, 13.  According to the Government, Mr. Lairy's annual income was $135,655.  *See* Mot. for Default ¶ 8.

Consequently, as an employee whose rate of basic pay was greater than 120 percent of the minimum rate of basic pay payable for GS-15 of the General Schedule, Mr. Lairy was subject to the Act's public financial disclosure requirements.  *See* 5 U.S.C. app. 4 § 101(d)–(f)(3); *see also* Compl. ¶ 10.  This meant he was required to submit a new entrant financial disclosure report and an annual financial disclosure report during his employment, and to submit a termination financial disclosure report within 30 days of his termination.  *See* 5 U.S.C. app. 4 § 101(d)–(f)(3); *see also* Compl. ¶ 10.  Mr. Lairy filed a new entrant financial disclosure report and an annual financial disclosure report during his employment.  Compl. ¶¶ 11–12.  His last day of employment was September 20, 2017, so his deadline to submit a termination report was October 20, 2017.  *Id.* ¶ 15.

On October 20, 2017, an employee in the DOE's Office of the Assistant General Counsel for General Law ("DOE employee") sent Mr. Lairy an email to his personal email address notifying him of the deadline to submit the termination report.  *Id.*  Mr. Lairy responded to the email that same day and requested an extension of the deadline.  *Id.* ¶ 16.  In response to the request, the DOE employee granted Mr. Lairy an extension and permitted him to file the report on or before November 20, 2017.  *Id.* ¶ 17.  On November 15, 2017, the DOE employee sent another email to Mr. Lairy reminding him of the deadline and of the $200 late filing fee incurred for late filing, Mr. Lairy did not respond.  *Id.* ¶ 18.  On November 20, 2017, Mr. Lairy failed to file the required termination report.  *Id.* ¶ 19.  After the November deadline, the DOE employee made several attempts to contact Mr. Lairy by email and by certified letter to his home address, informing Mr. Lairy that he had failed to file his termination report, that he had incurred the $200 late filing fee, and that he could be assessed a civil penalty of up to $50,000.  *Id.* ¶ 20.  The

communications also included instructions for filing the overdue termination report and for mailing the $200 late filing fee. *Id.*

On December 11, 2018, Mr. Lairy responded by email, apologized for his lack of communication, expressed that he had "made attempts to login and file the report," and conveyed that he had been unable to submit the required files due to technical difficulties. *Id.* ¶¶ 22–23. Between December 11, 2018 and January 8, 2019, the DOE employee attempted to help Mr. Lairy resolve his technical problems. *Id.* ¶ 23. However, Mr. Lairy's technical difficulties extended into January 2019 when the Government shutdown and subsequent lapse in appropriations made technical support unavailable. *Id.* ¶ 24. On February 12, 2019, after the restoration of appropriations, the DOE employee advised Mr. Lairy by email that Mr. Lairy's access to the electronic filing system had been restored and that he should "go in and access the report and complete and submit as soon as possible." *Id.* ¶ 25. Mr. Lairy did not respond to the February email and did not file the report. *Id.*

On April 10, 2019, the DOE employee sent another email to Mr. Lairy giving him a "final opportunity" "to complete and submit th[e] required report." *Id.* ¶ 26. According to the Government, Mr. Lairy has yet to file his required termination report or pay the $200 late filing fee. *Id.* ¶ 27.

The Government filed this suit on August 16, 2019. Mr. Lairy completed and signed the Waiver of the Service of Summons form, *see* ECF No. 3, at the request of the Government in accordance with Fed. R. Civ. P. 4(d), extending the time to answer to the complaint to November 12, 2019. However, despite extending his time to answer to the complaint by signing a waiver of service of process, Mr. Lairy failed to file an answer or a response by November 12, 2019. As a result, the Clerk of Court entered default on December 6, 2019. ECF No. 7. The Government

now asks this Court to enter a default judgment against Mr. Lairy pursuant to Fed. R. Civ. P. 55. Mot. for Default.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 55 establishes a two-step process for default judgment. Fed. R. Civ. P. 55; *see, e.g., Bricklayers & Trowel Trades Int'l Pension Fund v. KAFKA Constr., Inc.*, 273 F. Supp. 3d 177, 179 (D.D.C. 2017).  First, the Clerk of the Court must enter default. Fed. R. Civ. P. 55(b).  After the clerk's entry of default, the plaintiff may move for a default judgment.  *Id.*  Furthermore, the determination of default judgment is up to the trial courts discretion.  *See Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980).  While courts prefer to resolve disputes on their merits, a default judgment is appropriate when the adversarial process has been effectively halted by a party's failure to respond.  *Id.* at 836.  Therefore, in a default judgment, the defendant must be an "essentially unresponsive party" whose default is "plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment."  *Carazani v. Zegarra*, 972 F. Supp. 2d 1, 12 (D.D.C. 2013) (internal citations omitted).

While default judgment establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount is certain.  *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).  "[I]n cases involving statutory penalties that leave discretion to the court, courts 'have generally tailored the penalty to the offense and attendant circumstances.'"  *United States v. Chaney*, No. 04-cv-2219, 2005 WL 8178308, at *2 (D.D.C. Feb. 28, 2005) (quoting *United States v. Gant*, 268 F. Supp. 2d 29, 33 (D.D.C. 2003)).  In making this determination, the "court may rely on detailed affidavits or documentary evidence to

determine the appropriate sum for default judgment." *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002) (internal citations omitted).

## IV.  ANALYSIS

Section 101 of the EIGA requires all executive branch employees at a pay grade GS-15 or above to file a final public disclosure report unless they have accepted another covered position.  5 U.S.C. app. 4 § 101(e); *see also Gant*, 268 F. Supp. 2d at 33 (internal citations omitted).  Section 104(a) of the EIGA authorizes the Attorney General to bring a civil action in federal court against any individual "who knowingly and willfully fails to file or report any information that such individual is required to report" under the EIGA.  5 U.S.C. app. 4 § 104(a)(1).  An individual "knowingly and willfully" fails to comply with the EIGA requirements when "that individual intentionally disregards the statute or is indifferent to its requirements."  *Gant*, 268 F. Supp. 2d at 33 (internal citations omitted).  Section 104(a) also provides that a court may assess a civil penalty of up to $50,000 against an individual who fails to file under the EIGA requirements.  5 U.S.C. app. 4 § 104(a)(1).  The civil penalty is then adjusted in accordance with the adjustment procedures prescribed in the Federal Civil Penalties Inflation Adjustment Act of 1990.  28 U.S.C. § 2461 note.  At the time of the Government's filing, the maximum civil penalty, adjusted for inflation was $60,517.  5 C.F.R. § 2634.701(b) (2019).

The Government has submitted a declaration of the DOE employee, Yvonne Stewart, who communicated through email with Mr. Lairy, and multiple exhibits of the email communications between Mr. Lairy and Ms. Stewart.  *See* Decl. of Yvonne Stewart, ECF No. 10-2 ("Stewart Decl."); Ex. A, No. 10-3 ("Ex. A"); Ex. B, No. 10-4 ("Ex. B"); Ex. C, No.10-5 ("Ex. C"); Ex. D, No. 10-6 ("Ex. D"); Ex. E, No. 10-7 ("Ex. E"); Ex. F, No. 10-8 ("Ex. F"); Ex.

G, No. 10-9 ("Ex. G").  The Stewart declaration and the accompanying exhibits demonstrate that Mr. Lairy intentionally disregarded the statute by failing to file the required report for over six months, even after repeated attempts by Ms. Stewart to provide clear instructions to help Mr. Lairy file the report.  *See* Ex. A; Ex. B; Ex. C; Ex. E; Ex. F; Ex. G.  The Government's exhibits also lend support of Mr. Lairy's knowledge of the requirements because he had filed two other required financial reports during his employment, Stewart Decl. ¶ 5, and responded to Ms. Stewart's emails acknowledging that he had failed to file the required termination report but was "ready to resolve this manner", Ex. E at 20.  Mr. Lairy's request to extend the deadline to file the report in October 2017 further demonstrates Mr. Lairy's knowledge that he was under a time-sensitive deadline to submit the report.  *See* Ex. A at 2.

In *Gant*, the court, also reviewing a plaintiff's motion for default judgment after defendant failed to comply with the requirements of the EIGA and failed to answer the complaint, awarded the maximum civil penalty because the defendant's violation of the EIGA filing requirements was "flagrant and ongoing." 268 F. Supp. 2d at 34.  Mr. Gant, like Mr. Lairy, had received multiple reminders and had been given many opportunities to comply with the EIGA requirements.  *Id.*

Here, the Government's evidence of Mr. Lairy's flagrant and ongoing nonfulfillment of the EIGA filing requirements demonstrate Mr. Lairy's indifference to the requirements of the statute.  Because Mr. Lairy has also failed to refute or otherwise respond to the Government's complaint, the entry of default, or the motion for default judgment, default judgment is appropriate in this case.  But the Court believes that the maximum penalty should be reserved for the most egregious of cases and applied only in situations where the non-filant has the greatest incentive to avoid public reporting.  The Court has reviewed Mr. Lairy's prior financial

disclosures and concludes that Mr. Lairy is a man of modest means whose financial disclosures are simple and do not reflect a sophisticated financial operator with a strong motive to hide problematic transactions.  *See* ECF Nos. 12, 13 (disclosures filed under seal).  And, as the record indicates, he may have experienced some struggles in life.  *See* ECF No. 10-6 at 1 (email from Mr. Lairy to an Ethics Program Specialist explaining that his failure to file was at least partially the result of serious personal distress).  Accordingly, the Court will not impose the maximum penalty.

For the foregoing reasons, the Court **GRANTS** the Government's Motion for Entry of Default Judgment and assesses a civil penalty in the amount of $10,200 against the Defendant. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

    **SO ORDERED.**

Dated: July 17, 2020                                                                     RUDOLPH CONTRERAS,
                                                                                          United States District Judge